We note initially that the defendants are entitled to the dismissal per I.C. Rule 701 sought by motion. However, the Commission has also undertaken to review the matter on the merits, and find no good ground to alter the hearing Deputy's decision. While, as her counsel argues, plaintiff is entitled to any further medical compensation necessary as a result of the compensable injury at the L5-S1 level of her back, the medical evidence fails to relate that condition to the problems at T11-T12 for which she is presently seeking compensation.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties on June 26, 1987.
2. The plaintiff sustained an injury by accident arising out of and in the course of her employment on June 26, 1987.
3. The plaintiff's average weekly wage was $200.00, which yields a compensation rate of $133.33.
4. The plaintiff received 2 4/7 weeks of temporary total disability compensation from July 4, 1987 to July 21, 1987, with her last compensation check being forwarded on August 11, 1987, per the Form 28B.
5. The issue is whether plaintiff has shown a basis on which to reopen her claim.
* * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. The plaintiff filed a Form 33 Request for Hearing on November 9, 1992, requesting additional permanent partial and medical benefits.
2. The plaintiff began having flare-ups of pain in her back in July of 1986, and such flare-ups were unrelated to her work. Thereafter, the plaintiff was seen by Dr. Michael King on November 4, 1986, at which time she was diagnosed with chronic lumbosacral strain and spondylogenic back pain.
3. On June 26, 1987, following the incident at BEPCO, the plaintiff was seen in emergency room at Forsyth Hospital. She subsequently was seen by Dr. William Brown of Forsyth Neurosurgical Associates, at which time she was evaluated and underwent a CT scan. The CT scan revealed a left herniated nucleuspulposus at L5-S1. Dr. Brown diagnosed the plaintiff as having pain secondary to lumboradiculopathy, most likely from a combination of herniated disk at L5-S1 and spondylolysis.
4. The plaintiff was released to return to work with lifting restrictions, and was assigned to work in customer service. The plaintiff was assigned to accounts payable in January of 1991. She was terminated on January 3, 1992, due to her inability to perform work in a timely and accurate manner.
5. The plaintiff was able to obtain two jobs after her termination by defendants.
6. The plaintiff was seen by Dr. Brown on July 18, 1989 for a flare-up of back pain. An MRI showed a central bulging disc at T11-12 with no abnormality at L5-S1.
7. In April 1991, Dr. Brown diagnosed the plaintiff with cervical lumbar strain and bulging disc at T11-12.
8. From December 18, 1992 through August 20, 1993, the plaintiff was treated by Dr. Timothy McGowen. Dr. McGowan noted that plaintiff's objective condition was unchanged from 1986 when he treated her, and there was no evidence of neurological deficit or abnormal results. Dr. McGowan further found a psychological component to plaintiff's pain complaints.
9. On January 20, 1993, Dr. Lloyd Hitchings of Triad Neurological Associates examined plaintiff and noted no neurological findings. Dr. Hitchings noted that plaintiff's current complaints were not the result of the 1987 work-related injury.
10. The plaintiff was evaluated by Dr. Richard Rose of Forsyth Orthopedic Associates on December 9, 1992, at which time he found that plaintiff's pain complaints were not related to the 1987 compensable injury.
11. There is no evidence in the record that plaintiff has any permanent partial disability as a result of the 1987 compensable injury.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSIONS OF LAW
1. N.C. GEN. STAT. § 97-47 (1992) sets forth the applicable limitation on reopening this claim for cash or indemnity benefits: "No such review shall be made after two years from the date of the last payment of compensation pursuant to an award under the Article."
2. In this case, the two-year statutory period began to run on August 11, 1987, when the last compensation check was forwarded to the plaintiff. The plaintiff did not file her Form 33, or any other document to request a reopening of her claim until November 9, 1992, more than two years beyond the statutory deadline. Therefore, her request to reopen this claim must be denied.
3. In addition, the plaintiff has failed to offer any medical evidence from competent medical authorities to establish a causal link between her complaints and the 1987 compensable injury. To the contrary, Dr. Rose, Dr. McGowan, and Dr. Brown have opined that plaintiff's complaints are specifically not causally related to the compensable 1987 injury.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Plaintiff's claim is, and under the law, must be, DENIED.
2. Each side shall pay its own costs.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ___________________________ GREGORY M. WILLIS DEPUTY COMMISSIONER
JRW/tmd 5/19/95